[Civ. No. 65632. Second Dist., Div. Four. Feb. 17, 1983.]

CROCKER NATIONAL BANK, as Trustee, etc., et al.,
Plaintiffs and Respondents, v.
McFARLAND ENERGY, INC., Defendant and Appellant.

**COUNSEL**

Bright & Brown, James S. Bright, Gregory C. Brown, John J. Harris and John Quirk for Defendant and Appellant.

Margolis, Burrill & Besser and Robert S. Besser for Plaintiffs and Respondents.

**OPINION**

**AMERIAN, J.**—In 1965 Joseph M. Thomas conveyed certain property to a trust he had created two years before for the benefit of his children. The instrument was entitled, "Conveyance of Perpetual, Expense And Deduction Free Royalty." The property in question was a one-sixth interest in oil, gas and other hydrocarbon substances produced from described real estate in Kern County.

The conveyance included paragraph 7 requiring grantor to pay certain taxes. That paragraph contained the following provision: "Grantor shall pay and discharge before delinquency all taxes, assessments and other governmental charges upon or referable to any operations or acts of Grantor or on Grantor's behalf of Said Lands, including (without limiting the generality of the foregoing) the drilling or operation of any well or wells, the production, extraction,

severance or removal of any hydrocarbon, the processing, storage or use thereof, the sale of any such hydrocarbon or of any product thereof, or the transportation thereof away from Said Lands. Grantor shall also pay and discharge before delinquency any and all assessments, charges and obligations of any kind which by reason of any operator of Grantor may be or might become a lien upon or charge against Said Lands or any part thereof or any well thereon or production therefrom, and which are created by or shall arise under or by reason of any present or future law, ordinance, regulation or order whatever, including (without limiting the generality of the foregoing) any charge, assessment, claim or obligation created by or arising under the California Public Resources Code or any act amendatory thereof or supplemental or additional thereto.''

The conveyance also provided in another paragraph, ''It is the purpose and intent of this conveyance of royalty that it shall (except as specifically set forth herein) be free and clear of all expenses and deductions of every kind and nature, all of which expenses shall be paid by or for the account of Grantor and shall be without any reimbursement by Grantee.''

Appellant McFarland Energy, Inc. (herein appellant) succeeded to the interest of Joseph M. Thomas in 1974. Respondents Crocker National Bank and R.A. Ganong (herein respondents) are the trustees of the trust.

In 1980 the United States Congress enacted a ''Windfall Profit Tax.'' (26 U.S.C.A. § 4986 et seq.) Section 4986 provides, ''Imposition of tax. [¶] (a) Imposition of tax.—An excise tax is hereby imposed on the windfall profit from taxable crude oil removed from the premises during each taxable period. [¶] (b) Tax paid by producer.—The tax imposed by this section shall be paid by the producer of the crude oil.''

Shortly after the tax became effective, appellant and respondents engaged in correspondence over the question of which should bear the burden of the tax. Thereafter, respondents filed this action for declaratory relief. The matter was tried on stipulated facts.

The trial court ruled, ''1. Under the terms of the Expense and Deduction Free Royalty (Plaintiffs' Exhibit 'A'), Defendant McFarland Energy, Inc., as successor in interest to the grantor, is obligated to pay Plaintiffs' 'royalty share' (as defined in Exhibit 'A') without deduction for the tax imposed by Internal Revenue Code Sections 4986, et seq., commonly referred to as the Windfall Profits [sic] Tax.

''2. Plaintiffs are awarded judgment in the amount of $153,427.67, for amounts improperly withheld from Plaintiffs' royalty share through April 20,

1981, $7,659.56, a total judgment of $161,087.23, [*sic*] interest on said amount and costs in the amount of $51.00."

The appeal is from that judgment.

## ISSUE

Is the windfall profit tax a tax, assessment or charge upon or referable to any operations or acts of appellant on the land, within the meaning of paragraph 7 of the conveyance?

## DISCUSSION

In the language of the statute, the windfall profit tax is a tax "imposed on the windfall profit from taxable crude oil removed from the premises." Thus, as oil is removed and sold, a tax is imposed on the revenue realized. The tax is to "be paid by the producer of the crude oil." (26 U.S.C.A. § 4986(b).)

Producer is defined as follows, "Except as provided in subparagraph (B)[1], the term 'producer' means the holder of the economic interest with respect to the crude oil." (26 U.S.C.A. § 4996(a)(1)(A).)

The tax is calculated by referring to the amount for which the oil is sold. (26 U.S.C.A. § 4988(c)(1).)

Under the conveyance in question, who is the holder of the economic interest with respect to the crude oil? It seems to us that respondents hold that interest as to one-sixth of the oil and therefore are responsible under the conveyance for one-sixth of the tax. The conveyance provides that what is being conveyed is 16⅔ percent of all oil, gas and other hydrocarbon substances. Under the conveyance respondents "have the option to receive royalty oil either in kind or in money." The product thus belongs to respondents as it is produced by appellant. It would be respondents' free of windfall profit tax only if the tax was of the kind required under the conveyance to be paid by appellant. (*Transport Oil Co.* v. *Bush* (1931) 114 Cal.App. 152, 160 [1 P.2d 1060].)

The conveyance under scrutiny imposes certain conditions which must be met before a tax is required to be borne by appellant. The tax must be referable to acts or operations of appellant. Those acts must occur on the property in question.

The windfall profit tax does not meet these requirements. It is not referable to any act on the property in question.

---

[1]This subparagraph deals with partnerships.

Respondents argue that the windfall profit tax is really a severance tax. Their theory is that the tax is imposed on the removal of the oil. But that is not what the statute says. The reference in 26 United States Code Annotated section 4986(a) to "oil removed from the premises during each taxable period" simply is inserted for purposes of knowing when the tax is imposed. If the oil is removed in this taxable year, the tax applies in this taxable year, regardless of the taxable year in which the sale is made.

The statute imposes an excise tax on profit and furnishes the mechanics by which the profit and the tax are to be calculated. Had Congress desired to impose a tax on removal, other language would have been used. Then, no reference to profit, windfall or otherwise, would have been required. Such a tax would have been imposed based on the number of barrels produced.

There is no dispute that the parties to an oil lease may provide any basis they wish for division of tax expenses. (47 Cal.Jur.3d, Oil and Gas, § 47.) Here the basis is that the tax must be referable to acts or operations of appellant on the property. The windfall profit tax, as we read it, is referable to the revenue generated from sales. As such it is not included within paragraph 7 of the conveyance.

DISPOSITION

The judgment is reversed.

Kingsley, Acting P. J., and Wisot, J.,* concurred.

A petition for a rehearing was denied March 8, 1983, and respondents' petition for a hearing by the Supreme Court was denied April 27, 1983. Kaus, J., did not participate therein.

---

*Assigned by the Chairperson of the Judicial Council.